**Annex A**

**Rule 1.7      Conflict of Interest:  Current Clients**

* * *

**Comment:**

* * *

**Personal Interest Conflicts**

[10]    The lawyer's own interests should not be permitted to have an adverse effect on representation of a client.  For example, if the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice.  Similarly, when a lawyer has discussions concerning possible employment with an opponent of the lawyer's client, or with a law firm representing the opponent, such discussions could materially limit the lawyer's representation of the client.  In addition, a lawyer may not allow related business interests to affect representation, for example, by referring clients to an enterprise in which the lawyer has an undisclosed financial interest. **See Rule 5.8 for specific Rules that prohibit or restrict a lawyer's involvement in the offer, sale, or placement of investment products regardless of an actual conflict or the potential for conflict.** See Rule 1.8 for specific Rules pertaining to a number of personal interest conflicts, including business transactions with clients.  See also Rule 1.10 (personal interest conflicts under Rule 1.7 ordinarily are not imputed to other lawyers in a law firm).

* * *

**Rule 1.8      Conflict of Interest:  Current Clients:  Specific Rules**

* * *

**Comment:**

**Business Transactions Between Client and Lawyer**

[1]    A lawyer's legal skill and training, together with the relationship of trust and confidence between lawyer and client, create the possibility of overreaching when the lawyer participates in a business, property or financial transaction with a client, for example, a loan or sales transaction or a lawyer investment on behalf of a client.  The requirements of paragraph (a) must be met even when the transaction is not closely related to the subject matter of the representation, as when a lawyer drafting a will for a client learns that the client needs money for unrelated expenses and offers to make a loan to the client.  The Rule applies to lawyers engaged in the sale of goods or services

related to the practice of law, for example, the sale of title insurance or investment services to existing clients of the lawyer's legal practice. See Rule 5.7. **But see Rule 5.8 for specific Rules that prohibit or restrict a lawyer's involvement in the offer, sale, or placement of investment products regardless of an actual conflict or the potential for conflict. [It]** **Rule 1.8** also applies to lawyers purchasing property from estates they represent. It does not apply to ordinary fee arrangements between client and lawyer, which are governed by Rule 1.5, although its requirements must be met when the lawyer accepts an interest in the client's business or other nonmonetary property as payment of all or part of a fee. In addition, the Rule does not apply to standard commercial transactions between the lawyer and the client for products or services that the client generally markets to others, for example, banking or brokerage services, medical services, products manufactured or distributed by the client, and utilities services. In such transactions, the lawyer has no advantage in dealing with the client, and the restrictions in paragraph (a) are unnecessary and impracticable.

\* \* \*

## Rule 1.15    Safekeeping Property

\* \* \*

(c)    *Required records.*  Complete records of the receipt, maintenance and disposition of Rule 1.15 Funds and property shall be preserved for a period of five years after termination of the client-lawyer or Fiduciary relationship or after distribution or disposition of the property, whichever is later. **A lawyer shall maintain the writing required by Rule 1.5(b) (relating to the requirement of a writing communicating the basis or rate of the fee) and the records identified in Rule 1.5(c) (relating to the requirement of a written fee agreement and distribution statement in a contingent fee matter).** A lawyer shall **also** maintain the following books and records for each Trust Account and for any other account in which Fiduciary Funds are held pursuant to Rule 1.15(l):

(1)    all transaction records provided to the lawyer by the Financial Institution or other investment entity, such as periodic statements, cancelled checks **in whatever form**, deposited items and records of electronic transactions; and

(2)    check register or separately maintained ledger, which shall include the payee, date**, purpose** and amount of each check, withdrawal and transfer, the payor, date, and amount of each deposit, and the matter involved for each transaction**[.]; provided, however, that where an account is used to hold funds of more than one client, a lawyer shall also maintain an individual ledger for each trust client, showing the source, amount and nature of all funds received from or on behalf of the client, the description and amounts of charges or withdrawals, the names of all persons or entities to whom such funds were disbursed, and the dates of all deposits, transfers, withdrawals and disbursements.**

(3)    The records required by this **[rule] <u>Rule</u>** may be maintained in **[electronic or]** hard copy form**[.] <u>or by electronic, photographic, or other media provided that the records otherwise comply with this Rule and that printed copies can be produced.  Whatever method is used to maintain required records must have a backup so that the records are secure and always available.</u>** If records are kept only in electronic form, then such records shall be backed up **[at least monthly]** on a separate electronic storage device**[.] <u>at least at the end of any day on which entries have been entered into the records</u>**. <u>**These records shall be readily accessible to the lawyer and available for production to the Pennsylvania Lawyers Fund for Client Security or the Office of Disciplinary Counsel in a timely manner upon a request or demand by either agency made pursuant to the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board Rules, the Pennsylvania Lawyers Fund for Client Security Board Rules and Regulations, agency practice, or subpoena.**</u>

<u>**(4)    A regular trial balance of the individual client trust ledgers shall be maintained.  The total of the trial balance must agree with the control figure computed by taking the beginning balance, adding the total of moneys received in trust for the client, and deducting the total of all moneys disbursed.  On a monthly basis, a lawyer shall conduct a reconciliation for each fiduciary account.  The reconciliation is not complete if the reconciled total cash balance does not agree with the total of the client balance listing.  A lawyer shall preserve for a period of five years copies of all records and computations sufficient to prove compliance with this requirement.**</u>

\* \* \*

(g)    The responsibility for identifying an account as a Trust Account shall be that of the lawyer in whose name the account is held.  <u>**Only a lawyer admitted to practice law in this jurisdiction or a person under the direct supervision of the lawyer shall be an authorized signatory or authorize transfers from a Trust Account or any other account in which Fiduciary Funds are held pursuant to Rule 1.15(l).**</u>

\* \* \*

**Comment:**

\* \* \*

[2]    A lawyer should maintain on a current basis books and records in accordance with sound accounting practices consistently applied and comply with any recordkeeping rules established by law or court order, including those records identified in paragraph (c).  <u>**With little exception, funds belonging to a client or third party must be deposited into a Trust Account as defined in paragraph (a)(11), and funds belonging to the lawyer must be deposited in a business operating account maintained pursuant to paragraph (j).  Thus, unless the client gives informed**</u>

**consent, confirmed in writing, to a different manner of handling funds advanced by the client to cover fees and expenses, the lawyer must deposit those funds into a Trust Account pursuant to paragraph (i). If the lawyer pools such funds belonging to more than one client, under paragraph (c)(2) the lawyer must keep a ledger for each individual client, regularly recording all funds received from the client and their purpose, and all disbursements of earned fees and expenses incurred. As fees become earned, the lawyer must promptly transfer those funds to the operating account. If the lawyer pools client funds after settlement or verdict in a single Trust Account, the lawyer must maintain a ledger of receipts and disbursements for each individual client, regularly recording the dates of each transaction, the identity of payors and payees, and the purpose of each disbursement, withdrawal or transfer of funds. The requirement of monthly reconciliations should deter situations where an attorney's Trust Account contains a shortfall for any significant period of time. Additionally, if a lawyer fails to maintain the records identified in paragraph (c) or to perform the required monthly reconciliations, later claims by the lawyer that a shortfall (i.e., misappropriation) resulted from negligence, even if credible, will necessarily be balanced against the lawyer's abdication of responsibility to comply with essential requirements associated with acting as a fiduciary and serving in a position of trust. The failure to maintain or timely produce the records required by paragraph (c) hampers rule-mandated or agency-promulgated investigative inquiries by the Pennsylvania Lawyers Fund for Client Security and the Office of Disciplinary Counsel and may serve as a basis for emergency temporary suspension of the lawyer's license to practice law. See Pa.R.D.E. 208(f)(1), 208(f)(5), 213(g)(2) and 221(g)(3).**

* * *

**Rule 5.7  Responsibilities Regarding Nonlegal Services**

* * *

**Comment:**

* * *

**Providing Nonlegal Services that Are Not Distinct from Legal Services**

[3]     Under some circumstances, the legal and nonlegal services may be so closely entwined that they cannot be distinguished from each other. In this situation, confusion by the recipient as to when the protection of the client-lawyer relationship applies **[are] is** likely to be unavoidable. Therefore, Rule 5.7(a) requires that the lawyer providing the nonlegal services adhere to all of the requirements of the Rules of Professional Conduct.

[4]     In such a case, a lawyer will be responsible for assuring that both the lawyer's conduct and, to the extent required by Rule 5.3, that of nonlawyer employees, comply in all respects with the Rules of Professional Conduct. When a lawyer is obliged to accord the recipients of such nonlegal services the protection of those Rules that

4

apply to the client-lawyer relationship, the lawyer must take special care to heed the proscriptions of the Rules addressing conflict of interest (Rules 1.7 through 1.11, especially Rules 1.7(b) and 1.8(a), (b) and (f)), and to scrupulously adhere to the requirements of Rule 1.6 relating to disclosure of confidential information.  The promotion of the nonlegal services must also in all respects comply with **Rule 5.8 relating to prohibitions and restrictions on dealing in investment products, and with** Rules 7.1 through 7.3, dealing with advertising and solicitation.

\* \* \*

**Rule 5.8       Dealing in Investment Products:  Prohibitions and Restrictions**

**(a)      A lawyer shall not broker, offer to sell, sell, or place any investment product unless separately licensed to do so.**

**(b)      A lawyer shall not recommend or offer an investment product to a client or any person with whom the lawyer has a fiduciary relationship, or invest funds belonging to such a person in an investment product, if the lawyer or a person related to the lawyer:**

**(1)      has an interest in compensation paid or provided by a person other than the client or person with whom the lawyer has a fiduciary relationship; or**

**(2)      has an ownership interest in the entity that sponsors, insures, underwrites, manages, or issues the investment product.**

**(c)      For purposes of this Rule:**

**(1)      the term "investment product" includes:  an annuity contract; a life insurance contract; a commodity; a swap; an investment fund, including but not limited to a collective trust fund, a common trust fund, a real estate investment fund, and registered investment company; a security, whether or not the security is registered with any federal or state securities regulator; or an investment adviser's, bank's, trust company's, insurance company's, or other financial institution's service as an investment manager or investment adviser;**

**(2)      "person related to the lawyer" includes a spouse, child, grandchild, parent, grandparent or other relative or individual with whom the lawyer maintains a close familial relationship; and**

**(3)      the term "ownership interest" does not include shares of an issuer that has registered the shares under federal securities laws, the issuer's shares are traded on a securities exchange that is registered under federal securities laws, and the lawyer's aggregate interest in shares of all classes is less than one percent of the issuer's outstanding common shares.**

5

**Comment:**

[1] Paragraph (a) prohibits a lawyer from brokering, offering to sell, selling, or placing any investment product, as defined in paragraph (c)(1), unless separately licensed to do so. Licensing and registration requirements vary by state. Before offering or selling any investment product in relation to the provision of legal services, a lawyer must consult all applicable federal and state laws to determine eligibility, licensing and regulatory requirements. Paragraph (a) neither addresses the giving of investment advice nor is intended to supplant or otherwise affect federal and state laws that either require licensing and registration in order to give investment advice or exempt lawyers from their regulatory scheme.

[2] Paragraph (b) prohibits investment situations that are fraught with a potential for a conflict of interest or that provide an opportunity for the lawyer to control or unduly influence the use or management of the funds throughout the course of the investment. Clients who place their trust in their lawyer and assume or expect that the lawyer will protect them from harm are likely to feel deceived if substantial sums of money are lost on investments pursued at the lawyer's recommendation or prompting and the lawyer or a person related to the lawyer either receives compensation or a pecuniary benefit from a person other than the client or has an ownership interest in the entity that sponsors, insures, underwrites, manages, or issues the investment product, even when the reason for the loss is limited to unexpected market conditions. The prohibition of paragraph (b) is not imputed to other lawyers in the lawyer's firm or those lawyers' relatives.

[3] This Rule applies to a lawyer under any circumstance—whether the lawyer is providing legal services, nonlegal services that are not distinct from legal services, or nonlegal services that are distinct from legal services. See Rule 5.7(e) for the meaning of the term "nonlegal services." The prohibition of paragraph (b) is in addition to the restrictions imposed by Rules 1.7(a)(2), 1.8(a) and 5.7.

Rule 208.    **Procedure.**

\* \* \*

     (f)    Emergency temporary suspension orders and related relief.

\* \* \*

     (5)    The Board on its own motion, or upon the petition of Disciplinary Counsel, may issue a rule to show cause why the respondent-attorney should not be placed on temporary suspension whenever it appears that the respondent-attorney has disregarded an applicable provision of the Enforcement Rules, **failed to maintain or produce the records required to be maintained and produced under Pa.R.P.C. 1.15(c) and subdivisions (e) and (g) of Enforcement Rule 221 in response to a request or demand authorized by Enforcement Rule 221(g) or any provision of the Disciplinary Board Rules,** [refused] **failed** to comply with a valid subpoena**,** or engaged in other conduct that in any such instance materially delays or obstructs the conduct of a proceeding under these rules. The rule to show cause shall be returnable within **[30] ten** days. If the response to the rule to show cause raises issues of fact, the **[Chairman of the]** Board **Chair** may direct that a hearing be held before a member of the Board who shall submit a report to the Board upon the conclusion of the hearing. If the period for response to the rule to show cause has passed without a response having been filed, or after consideration of any response and any report of a Board member following a hearing under this paragraph, the Board may recommend to the Supreme Court that the respondent-attorney be placed on temporary suspension. The recommendation of the Board shall be reviewed by the Supreme Court as provided in subdivision (e) of this rule**[.], although the time for either party to file with the Court a petition for review of the recommendation or determination of the Board shall be fourteen days after the entry of the Board's recommendation or determination, and any answer or responsive pleading shall be filed within ten days after service of the petition for review.**

\* \* \*

Rule 213.    **Subpoena power, depositions and related matters.**

\* \* \*

     (d)    Challenges**; appeal of challenges to subpoena**. Any attack on the validity of a subpoena issued under this rule shall be handled as follows:

     (1)    A challenge to a subpoena authorized by subdivision (a)(1) shall be heard and determined by the hearing committee or special master before whom the subpoena is returnable **in accordance with the procedure established by the Board**. *See* **D.Bd. Rules § 91.3(b) (relating to procedure).**

(2)    A challenge to a subpoena authorized by subdivision (a)(2) shall be heard and determined by a member of a hearing committee in the disciplinary district in which the subpoena is returnable **in accordance with the procedure established by the Board**. *See* **D.Bd. Rules § 91.3(b) (relating to procedure).**

(3)    A determination under paragraph (1) or (2) may **[not]** be appealed to **a lawyer-Member of** the Board**[, but may be appealed to the Supreme Court under subdivision (g)]** within ten days after service **pursuant to D.Bd. Rules §§ 89.21 and 89.24** of the determination on the party bringing the appeal **by filing a petition with the Board setting forth in detail the grounds for challenging the determination.  The appealing party shall serve a copy of the petition on the non-appealing party by mail on the date that the appealing party files the appeal, and the non-appealing party shall have five business days after delivery to file a response.  No attack on the validity of a subpoena will be considered by the Designated lawyer-Member of the Board unless previously raised before the hearing committee.  The Board Member shall decide the appeal within five business days of the filing of the non-appealing party's response, if any.  There shall be no right of appeal to the Supreme Court.  Any request for review shall not serve to stay any hearing or proceeding before the hearing committee or the Board unless the Court enters an order staying the proceedings.**

\* \* \*

(g)    Enforcement of subpoenas**[; appeal of challenges to subpoenas]**.

(1)    Either Disciplinary Counsel or a respondent-attorney may petition the Supreme Court to enforce a subpoena **[or to review a determination under subdivision (d)(1) or (2) on the validity of a subpoena. No attack on the validity of a subpoena will be considered by the Court unless previously raised as provided in subdivision (d)]** **that was not the subject of a challenge pursuant to subdivision (d)(1) or (2), or that was the subject of a challenge and has not been finally quashed by either the hearing committee or the Board Member designated to hear the appeal, provided that the party filing the petition to enforce attaches a certification in good faith that:  a) the party exhausted reasonable efforts to secure the presence of the witness or the evidence within the witness's custody or control, b) the testimony, records or other physical evidence of the witness will not be cumulative of other evidence available to the party, and c) the absence of the witness will substantially handicap the party from prosecuting or defending the charges, or from establishing a weighty aggravating or mitigating factor.  If the object of a petition to enforce is a subpoena directed to the respondent-attorney for, in whole or in part, production pursuant to Enforcement Rule 221(g)(2) of required records under Pa.R.P.C. 1.15(c) and Enforcement Rule 221(e), no certification will be required for the subpoena or portion thereof that pertains to the required records**. See also Enforcement Rule 208(f)(5) (relating to emergency temporary suspension orders and related relief).

8

Note: The reference to Enforcement Rule 208(f)(5) is intended to make clear that, where the person who is resisting complying with a subpoena is the respondent-attorney, the provisions of this rule are cumulative of those in Enforcement Rule 208(f)(5).

(2)    Upon receipt of a petition for enforcement of a subpoena, the Court shall issue a rule to show cause upon the person to whom the subpoena is directed, returnable within ten days, why the person should not be held in contempt.  **If the subpoena is directed to a respondent-attorney for production of required records and the respondent-attorney has not produced the records, the Court shall issue upon the respondent-attorney a rule to show cause why the respondent-attorney should not be placed on temporary suspension for failing to produce the records.**  If the period for response has passed without a response having been filed, or after consideration of any response, the Court shall issue an appropriate order.

**[(3)    A petition for review of a determination made under subdivision (d)(1) or (2) must set forth in detail the grounds for challenging the determination. Upon timely receipt of a petition for review, the Court shall issue a rule to show cause upon the party to the proceeding who is not challenging the determination, returnable within ten days, why the determination should not be reversed. If the period for response has passed without a response having been filed, or after consideration of any response, the Court shall issue an appropriate order.]**

**\* \* \***

Rule 215.    **Discipline on Consent**

(a)    Voluntary resignation. – An attorney who is the subject of an investigation into allegations of misconduct by the attorney may submit a resignation, but only by delivering to **Disciplinary Counsel or the Secretary of** the Board a verified statement stating that the attorney desires to resign and that:

(1)    the resignation is freely and voluntarily rendered; the attorney is not being subjected to coercion or duress; the attorney is fully aware of the implications of submitting the resignation; and whether or not the attorney has consulted or followed the advice of counsel in connection with the decision to resign;

(2)    the attorney is aware that there is presently pending investigation into allegations that the attorney has been guilty of misconduct the nature of which the verified statement shall specifically set forth;

(3)    the attorney acknowledges that the material facts upon which the complaint is predicated are true; **[and]**

(4) the resignation is being submitted because the attorney knows that if charges were predicated upon the misconduct under investigation the attorney could not successfully defend against them**[.];**

**(5)** **the attorney is fully aware that the submission of the resignation statement is irrevocable and that the attorney can only apply for reinstatement to the practice of law pursuant to the provisions of Enforcement Rule 218(b) and (c);**

**(6)** **the attorney is aware that pursuant to subdivision (c) of this Rule, the fact that the attorney has tendered his or her resignation shall become a matter of public record immediately upon delivery of the resignation statement to Disciplinary Counsel or the Secretary of the Board;**

**(7)** **upon entry of the order disbarring the attorney on consent, the attorney will promptly comply with the notice, withdrawal, resignation, trust accounting, and cease-and-desist provisions of subdivisions (a), (b), (c) and (d) of Enforcement Rule 217;**

**(8)** **after the entry of the order disbarring the attorney on consent, the attorney will file a verified statement of compliance as required by subdivision (e)(1) of Enforcement Rule 217; and**

**(9)** **the attorney is aware that the waiting period for eligibility to apply for reinstatement to the practice of law under Enforcement Rule 218(b) shall not begin until the attorney files the verified statement of compliance required by Enforcement Rule 217(e)(1), and if the order of disbarment contains a provision that makes the disbarment retroactive to an earlier date, then the waiting period will be deemed to have begun on that earlier date.**

(b) Order of disbarment. – Upon receipt of the required statement, the **Secretary of the** Board shall file it with the Supreme Court and the Court shall enter an order disbarring the attorney on consent.

(c) Confidentiality of resignation statement. – **The fact that the attorney has submitted a resignation statement to Disciplinary Counsel or the Secretary of the Board for filing with the Supreme Court shall become a matter of public record immediately upon delivery of the resignation statement to Disciplinary Counsel or the Secretary of the Board.** The order disbarring the attorney on consent shall be a matter of public record. If the statement required under the provisions of subdivision (a) of this rule is submitted before the filing and service of a petition for discipline and the filing of an answer or the time to file an answer has expired, the statement shall not be publicly disclosed or made available for use in any proceeding other than a subsequent reinstatement proceeding except:

(1) upon order of the Supreme Court,

(2) pursuant to an express written waiver by the attorney,

(3)     upon a request of another jurisdiction for purposes of a reciprocal disciplinary proceeding,

(4)     upon a request by the Pennsylvania Lawyers Fund for Client Security Board pursuant to Enforcement Rule 521(a) (relating to cooperation with Disciplinary Board), or

(5)     when the resignation is based on an order of temporary suspension from the practice of law entered by the Court either pursuant to Enforcement Rule 208(f)(1) (relating to emergency temporary suspension orders and related relief) or pursuant to Enforcement Rule 214 (relating to attorneys convicted of crimes).

\* \* \*

Rule 217.     **Formerly admitted attorneys.**

(a)     A formerly admitted attorney shall promptly notify, or cause to be **promptly** notified, **[by registered or certified mail, return receipt requested,]** all clients being represented in pending matters, other than litigation or administrative proceedings, of the disbarment, suspension, administrative suspension or transfer to inactive status and the consequent inability of the formerly admitted attorney to act as an attorney after the effective date of the disbarment, suspension, administrative suspension or transfer to inactive status and shall advise said clients to seek legal advice elsewhere.  **The notice required by this subdivision (a) may be delivered by the most efficient method possible as long as the chosen method is successful and provides proof of receipt.  At the time of the filing of the verified statement of compliance required by subdivision (e)(1) of this Rule, the formerly admitted attorney shall file copies of the notices required by this subdivision and proofs of receipt with the Secretary of the Board and shall serve a conforming copy on the Office of Disciplinary Counsel.** *See* **D.Bd. Rules § 91.91(b) (relating to filing of copies of notices).**

> **Note:  Notice may be accomplished, for example, by delivery in person with the lawyer securing a signed receipt, electronic mailing with some form of acknowledgement from the client other than a "read receipt," and mailing by registered or certified mail, return receipt requested.**

(b)     A formerly admitted attorney shall promptly notify, or cause to be **promptly** notified, **[by registered or certified mail, return receipt requested,]** all clients who are involved in pending litigation or administrative proceedings, and the attorney or attorneys for each adverse party in such matter or proceeding, of the disbarment, suspension, administrative suspension or transfer to inactive status and consequent inability of the formerly admitted attorney to act as an attorney after the effective date of the disbarment, suspension, administrative suspension or transfer to inactive status. The notice to be given to the client shall advise the prompt substitution of another attorney or attorneys in place of the formerly admitted attorney. In the event the client does not obtain substitute counsel before the effective date of the disbarment,

suspension, administrative suspension or transfer to inactive status, it shall be the responsibility of the formerly admitted attorney to move in the court or agency in which the proceeding is pending for leave to withdraw. The notice to be given to the attorney or attorneys for an adverse party shall state the place of residence of the client of the formerly admitted attorney.  **The notice required by this subdivision (b) may be delivered by the most efficient method possible as long as the chosen method is successful and provides proof of receipt.** *See* **Note after subdivision (a),** *supra.* **At the time of the filing of the verified statement of compliance required by subdivision (e)(1) of this Rule, the formerly admitted attorney shall file copies of the notices required by this subdivision and proofs of receipt with the Secretary of the Board and shall serve a conforming copy on the Office of Disciplinary Counsel.** *See* **D.Bd. Rules § 91.92(b) (relating to filing of copies of notices).**

(c)     A formerly admitted attorney shall promptly notify, or cause to be **promptly** notified, of the disbarment, suspension, administrative suspension or transfer to inactive status**[, by registered or certified mail, return receipt requested]**:

(1)     all persons or their agents or guardians**, including but not limited to wards, heirs and beneficiaries,** to whom a fiduciary duty is or may be owed at any time after the disbarment, suspension, administrative suspension or transfer to inactive status**[, and]**;

(2)     all other persons with whom the formerly admitted attorney may at any time expect to have professional contacts under circumstances where there is a reasonable probability that they may infer that he or she continues as an attorney in good standing**[.]; and**

(3)     **any other tribunal, court, agency or jurisdiction in which the attorney is admitted to practice**.

**The notice required by this subdivision (c) may be delivered by the most efficient method possible as long as the chosen method is successful and provides proof of receipt.** *See* **Note after subdivision (a),** *supra.*  **At the time of the filing of the verified statement of compliance required by subdivision (e)(1) of this Rule, the formerly admitted attorney shall file copies of the notices required by this subdivision and proofs of receipt with the Secretary of the Board and shall serve a conforming copy on the Office of Disciplinary Counsel.** The responsibility of the formerly admitted attorney to provide the notice required by this subdivision shall continue for as long as the formerly admitted attorney is disbarred, suspended, administratively suspended or on inactive status.

(d) **(1)**  Orders imposing suspension, disbarment, administrative suspension or transfer to inactive status shall be effective 30 days after entry.  The formerly admitted attorney, after entry of the disbarment, suspension, administrative suspension or transfer to inactive status order, shall not accept any new retainer or engage as attorney for another in any new case or legal matter of any nature. However, during the period from the entry date of the order and its effective date the formerly admitted attorney may wind up and complete, on behalf of any client, all matters which were pending on the entry date.

**(2)** In addition to the steps that a formerly admitted attorney must promptly take under other provisions of this Rule to disengage from the practice of law, a formerly admitted attorney shall promptly cease and desist from using all forms of communication that expressly or implicitly convey eligibility to practice law in the state courts of Pennsylvania, including but not limited to professional titles, letterhead, business cards, signage, websites, and references to admission to the Pennsylvania Bar.

**(3)** In cases of disbarment, suspension for a period exceeding one year, temporary suspension under Enforcement Rule 208(f) or 213(g), or disability inactive status under Enforcement Rule 216 or 301, a formerly admitted attorney shall also promptly:

**(i)** resign all appointments as personal representative, executor, administrator, guardian, conservator, receiver, trustee, agent under a power of attorney, or other fiduciary position;

**(ii)** close every IOLTA, Trust, client and fiduciary account;

**(iii)** properly disburse or otherwise transfer all client and fiduciary funds in his or her possession, custody or control; and

**(iv)** take all necessary steps to cancel or discontinue the next regular publication of all advertisements and telecommunication listings that expressly or implicitly convey eligibility to practice law in the state courts of Pennsylvania.

The formerly admitted attorney shall maintain records to demonstrate compliance with the provisions of paragraphs (2) and (3) and shall provide proof of compliance at the time the formerly admitted attorney files the verified statement required by subdivision (e)(1) of this Rule.

> Note: Paragraph (d)(3)(i) does not preclude a respondent-attorney who voluntarily assumes inactive or retired status, is placed on administrative suspension, is temporarily suspended under Enforcement Rule 214, or is suspended for one year or less, from completing existing appointments and accepting new appointments of the nature identified in paragraph (d)(3)(i). Nonetheless, in order to comply with subdivisions (a), (b) and (c) of this Rule, the formerly admitted attorney who desires to complete existing appointments or accept future appointments must give written notice of the formerly admitted attorney's registration status or change in that status to appointing and supervising judges and courts, wards, heirs, beneficiaries, interested third parties, and other recipients of the formerly admitted attorney's fiduciary services, as notice of the formerly admitted attorney's other-than-active status gives all interested parties an opportunity to consider replacing the formerly admitted attorney or enlisting

13

**a person other than the formerly admitted attorney to serve as the fiduciary in the first instance. Although the formerly admitted attorney would not be precluded by paragraph (d)(3)(ii) from continuing to use a fiduciary account registered with the bank as an IOLTA or Trust Account, paragraph (2) of subdivision (d) and paragraph (4)(iv) of subdivision (j) of this Rule prohibit the formerly admitted attorney from using or continuing to use account checks and deposit slips that contain the word "IOLTA," "attorney," "lawyer," "esquire," or similar appellation that could convey eligibility to practice in the state courts of Pennsylvania. Notwithstanding the specific prohibitions of subdivision (j) of this Rule, the formerly admitted attorney is authorized to perform those services necessary to carry out the appointment with the exception of any service that would constitute the unauthorized practice of law if engaged in by a nonlawyer. In relation to formerly admitted attorneys who are disbarred, suspended for a period exceeding one year, temporarily suspended under Enforcement Rule 208(f) or 213(g), or transferred to disability inactive status, the requirements of paragraph (d)(3) continue throughout the term of the disbarment, suspension, temporary suspension, or disability inactive status, thereby precluding any new appointment or engagement.**

(e) **(1)** Within ten days after the effective date of the disbarment, suspension, administrative suspension or transfer to inactive status order, the formerly admitted attorney shall file with the **Secretary of the** Board a verified statement **[showing] and serve a copy on Disciplinary Counsel. In the verified statement, the formerly admitted attorney shall**:

　　　**[(1)] (i)** **aver** that the provisions of the order and these rules have been fully complied with; **[and]**

　　　**[(2)] (ii)** **list** all other state, federal and administrative jurisdictions to which **[such person]** **the formerly admitted attorney** is admitted to practice**[. Such statement shall also set forth the residence or other address of the formerly admitted attorney where communications to such person may thereafter be directed.], aver that he or she has fully complied with the notice requirements of paragraph (3) of subdivision (c) of this Rule, and aver that he or she has attached copies of the notices and proofs of receipt required by (c)(3); or, in the alternative, aver that he or she was not admitted to practice in any other tribunal, court, agency or jurisdiction;**

　　　**(iii)** **aver that he or she has attached copies of the notices required by subdivisions (a), (b), and (c)(1) and (c)(2) of this Rule and proofs of receipt, or, in the alternative, aver that he or she has no clients, third persons to whom a fiduciary duty is owed, or persons with whom the formerly admitted attorney has professional contacts, to so notify;**

**(iv)** in cases of disbarment or suspension for a period exceeding one year, aver that he or she has attached his or her attorney registration certificate for the current year, certificate of admission, any certificate of good standing issued by the Prothonotary, and any other certificate required by subdivision (h) of this Rule to be surrendered; or, in the alternative, aver that he or she has attached all such documents within his or her possession, or that he or she is not in possession of any of the certificates required to be surrendered;

**(v)** aver that he or she has complied with the requirements of paragraph (2) of subdivision (d) of this Rule, and aver that he or she has, to the extent practicable, attached proof of compliance, including evidence of the destruction, removal, or abandonment of indicia of Pennsylvania practice; or, in the alternative, aver that he or she neither had nor employed any indicia of Pennsylvania practice;

**(vi)** in cases of disbarment, suspension for a period exceeding one year, temporary suspension under Enforcement Rule 208(f) or 213(g), or disability inactive status under Enforcement Rule 216 or 301, aver that he or she has complied with the requirements of paragraph (3) of subdivision (d) of this Rule, and aver that he or she has attached proof of compliance, including resignation notices, evidence of the closing of accounts, copies of cancelled checks and other instruments demonstrating the proper distribution of client and fiduciary funds, and requests to cancel advertisements and telecommunication listings; or, in the alternative, aver that he or she has no applicable appointments, accounts, funds. advertisements, or telecommunication listings;

**(vii)** aver that he or she has served a copy of the verified statement and its attachments on the Office of Disciplinary Counsel;

**(viii)** set forth the residence or other address where communications to such person may thereafter be directed; and

**(ix)** sign the statement.

The statement shall contain an averment that all statements contained therein are true and correct to the best of the formerly admitted attorney's knowledge, information and belief, and are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Note: A respondent-attorney who is placed on temporary suspension is required to comply with subdivision (e)(1) and file a verified statement. Upon the entry of a final order of suspension or disbarment, the respondent-attorney must file a supplemental verified statement containing the information and documentation not applicable at the time of the filing of the initial statement, or all of the information and

15

**documentation required by subdivision (e)(1) if the respondent-attorney has failed to file the initial statement. Although the grant of retroactivity is always discretionary, a respondent-attorney who fails to file a verified statement at the time of temporary suspension should not expect a final order to include a reference to retroactivity.**

**(2)    A formerly admitted attorney shall cooperate with Disciplinary Counsel and respond completely to questions by Disciplinary Counsel regarding compliance with the provisions of this Rule.**

**(3)    After the entry of an order of disbarment or suspension for a period exceeding one year, the waiting period for eligibility to apply for reinstatement to the practice of law shall not begin until the formerly admitted attorney files the verified statement required by subdivision (e)(1) of this Rule. If the order of disbarment or suspension contains a provision that makes the discipline retroactive to an earlier date, the waiting period will be deemed to have begun on that earlier date.**

> **Note:    This subdivision (e)(3) and the corresponding provisions in subdivision (b) of Enforcement Rule 218 apply only to orders entered on or after             , the effective date of this subdivision and the corresponding Enforcement Rule 218 provisions.**

*(Editor's Note: The blank refers to the effective date of adoption of this proposed rulemaking.)*

(f)    The Board shall cause a notice of the suspension, disbarment, administrative suspension or transfer to inactive status to be published in the legal journal and a newspaper of general circulation in the county in which the formerly admitted attorney practiced. **The cost of publication shall be assessed against the formerly admitted attorney.**

\* \* \*

Rule 218.    **Reinstatement.**

\* \* \*

(b)    A person who has been disbarred may not apply for reinstatement until the expiration of at least five years from the effective date of the disbarment, except that a person who has been disbarred pursuant to **Enforcement** Rule 216 (relating to reciprocal discipline and disability) may apply for reinstatement at any earlier date on which reinstatement may be sought in the jurisdiction of initial discipline. **Pursuant to Enforcement Rule 217(e)(3), the waiting period for eligibility to apply for reinstatement to the practice of law shall not begin until the person files the verified statement required by subdivision (e)(1) of Enforcement Rule 217. If the order of disbarment contains a provision that makes the disbarment retroactive**

16

**to an earlier date, the waiting period will be deemed to have begun on that earlier date. (See Note after Enforcement Rule 217(e)(3) for effective date of provisions relating to commencement of waiting period for eligibility to apply for reinstatement.)**

\* \* \*

Rule 219.     **Annual registration of attorneys.**

\* \* \*

(d)     On or before July 1 of each year all attorneys required by this rule to pay an annual fee shall file with the Attorney Registration Office a signed or electronically endorsed form prescribed by the Attorney Registration Office in accordance with the following procedures:

(1)     The form shall set forth:

(i)     The date on which the attorney was admitted to practice, licensed as a foreign legal consultant, granted limited admission as an attorney participant in defender and legal services programs pursuant to Pa.B.A.R. 311, or issued a Limited In-House Corporate Counsel License, and a list of all courts (except courts of this Commonwealth) and jurisdictions in which the person has ever been licensed to practice law, with the current status thereof.

(ii)     The current residence and office addresses of the attorney, each of which shall be an actual street address or rural route box number, and the Attorney Registration Office shall refuse to accept a form that sets forth only a post office box number for either required address. A preferred mailing address different from those addresses may also be provided on the form and may be a post office box number. The attorney shall indicate which of the addresses, the residence, office or mailing address, as well as telephone and fax number will be accessible through the website of the Board (http://www.padisciplinaryboard.org/) and by written or oral request to the Board. Upon an attorney's written request submitted to the Attorney Registration Office and for good cause shown, the contact information provided by the attorney will be nonpublic information and will not be published on the Board's website or otherwise disclosed.

Note: Public web docket sheets will show the attorney's address as entered on the court docket.

(iii)     The name of each **[f]F**inancial **[i]I**nstitution**, as defined in Pa.R.P.C. 1.15(a)(4), [in] within or outside** this Commonwealth in which the attorney on May 1 of the current year or at any time during the preceding 12 months held funds of a client or a third person subject to

17

Rule 1.15 of the Pennsylvania Rules of Professional Conduct. The form shall include the name and account number for each account in which the **[lawyer]** **attorney** **[holds]** **held** such funds, and each IOLTA Account shall be identified as such. The form provided to a person holding a Limited In-House Corporate Counsel License or a Foreign Legal Consultant License need not request the information required by this subparagraph.

> **Note: If an attorney employed by a law firm receives fiduciary funds from or on behalf of a client and deposits or causes the funds to be deposited into a law firm account, the attorney must report the account of deposit under this subparagraph.**

**(iv)** **Every account not reported under subparagraph (iii), that held funds of a client or third party, and over which the attorney had sole or shared signature authority or authorization to transfer funds to or from the account, during the same time period specified in subparagraph (iii). For each account, the attorney shall provide the name of the financial institution (whether or not the entity qualifies as a "Financial Institution" under Pa.R.P.C. 1.15(a)(4)), location, and account number.**

**(v)** **Every business operating account maintained or utilized by the attorney in the practice of law during the same time period specified in subparagraph (iii). For each account, the attorney shall provide the name of the financial institution, location and account number.**

**[(iv)](vi)** A statement that the attorney is familiar and in compliance with Rule 1.15 of the Pennsylvania Rules of Professional Conduct regarding the handling of funds and other property of clients and others and the maintenance of IOLTA Accounts, and with Rule 221 of the Pennsylvania Rules of Disciplinary Enforcement regarding the mandatory reporting of overdrafts on fiduciary accounts.

**[(v)](vii)** A statement that any action brought against the attorney by the Pennsylvania Lawyers Fund for Client Security for the recovery of monies paid by the Fund as a result of claims against the attorney may be brought in the Court of Common Pleas of Allegheny, Dauphin or Philadelphia County.

**[(vi)](viii)** Whether the attorney is covered by professional liability insurance on the date of registration in the minimum amounts required by Rule of Professional Conduct 1.4(c). Rule 1.4(c) does not apply to attorneys who do not have any private clients, such as attorneys in full-time government practice or employed as in-house corporate counsel.

Note: The Disciplinary Board will make the information regarding insurance available to the public upon written or oral request and on its website. The requirement of Rule 219(d)(3) that every attorney who has filed an annual fee form or elects to file the form electronically must notify the Attorney Registration Office of any change in the information previously submitted within 30 days after such change will apply to the information regarding insurance.

       **[(vii)](ix)** Such other information as the Attorney Registration Office may from time to time direct.

\* \* \*

Rule 221.    **Funds of clients and third persons. Mandatory overdraft notification.**

\* \* \*

    (e)    An attorney shall maintain **and preserve for a period of five years after termination of the client-lawyer or Fiduciary relationship or after distribution or disposition of the property, whichever is later, the writing required by Pa.R.P.C. 1.5 (relating to the requirement of a writing communicating the basis or rate of the fee), the records identified in Pa.R.P.C. 1.5(c) (relating to the requirement of a written fee agreement and distribution statement in a contingent fee matter), and** the following books and records for each Trust Account and for any other account in which Rule 1.15 Funds are held:

    (1)    all transaction records provided to the attorney by the Financial Institution, such as periodic statements, canceled checks in whatever form**,** deposited items and records of electronic transactions; and

    (2)    check register or separately maintained ledger, which shall include the payee, date**, purpose** and amount of each check, withdrawal and transfer, the payor, date, and amount of each deposit, and the matter involved for each transaction**[.]; provided, however, that where an account is used to hold funds of more than one client, a lawyer shall also maintain an individual ledger for each trust client, showing the source, amount and nature of all funds received from or on behalf of the client, the description and amounts of charges or withdrawals, the names of all persons or entities to whom such funds were disbursed, and the dates of all deposits, transfers, withdrawals and disbursements.**

    **(3)    A regular trial balance of the individual client trust ledgers shall be maintained.  The total of the trial balance must agree with the control figure computed by taking the beginning balance, adding the total of moneys received in trust for the client, and deducting the total of all moneys disbursed.  On a monthly basis, a lawyer shall conduct a reconciliation for each fiduciary account.  The reconciliation is not complete if the reconciled total cash balance does not agree with the total**

19

**of the client balance listing. A lawyer shall preserve for a period of five years copies of all records and computations sufficient to prove compliance with this requirement.**

(f)     The records required by this **[rule] Rule** may be maintained in **[electronic or]** hard copy form**[.] or by electronic, photographic, or other media provided that the records otherwise comply with this Rule and that printed copies can be produced. Whatever method is used to maintain required records must have a backup so that the records are secure and always available.** If records are kept only in electronic form, then such records shall be backed up**, on a separate electronic storage device,** at least **[monthly] at the end of any day on which entries have been entered into the records [**on a separate electronic storage device**]**.

(g)     **[The records required by this rule may be subject to subpoena and must be produced in connection with an investigation or hearing pursuant to these rules.] The records required to be maintained by Pa.R.P.C. 1.15 shall be readily accessible to the lawyer and available for production to the Pennsylvania Lawyers Fund for Client Security and the Office of Disciplinary Counsel in a timely manner upon request or demand by either agency made pursuant to these Enforcement Rules, the Rules of the Board, the Pennsylvania Lawyers Fund for Client Security Board Rules and Regulations, agency practice, or subpoena.**

**(1)     Upon a request by Disciplinary Counsel under this subdivision (g), which request may take the form of a letter to the respondent-attorney briefly stating the basis for the request and identifying the type and scope of the records sought to be produced, a respondent-attorney must produce the records within ten business days after personal service of the letter on the respondent-attorney or after the delivery of a copy of the letter to an employee, agent or other responsible person at the office of the respondent-attorney as determined by the address furnished by the respondent-attorney in the last registration statement filed by the respondent-attorney pursuant to Enforcement Rule 219(d), but if the latter method of service is unavailable, within ten business days after the date of mailing a copy of the letter to the last registered address or addresses set forth on the statement.**

**(2)     When Disciplinary Counsel's request or demand for Pa.R.P.C. 1.15 records is made under an applicable provision of the Disciplinary Board Rules or by subpoena under Enforcement Rule 213(a), the respondent-attorney must produce the records and must do so within the time frame established by those rules.**

**(3)**     Failure to produce **Pa.R.P.C. 1.15 records in response to a request or demand for** such records may result in the initiation of proceedings pursuant to Enforcement Rule 208(f)**(1) or (f)(5)** (relating to emergency temporary suspension orders and related relief), **the latter of** which **specifically** permits **[d]D**isciplinary **[c]C**ounsel to commence a proceeding for the temporary suspension of a respondent-attorney who **[refuses] fails** to **[comply with a valid subpoena] maintain or produce Pa.R.P.C. 1.15 records after receipt of**

**a request or demand authorized by subdivision (g) of this Rule or any provision of the Disciplinary Board Rules. If at any time a hearing is held before the Board pursuant to Enforcement Rule 208(f) as a result of a respondent-attorney's alleged failure to maintain or produce Pa.R.P.C. 1.15 records, a lawyer-Member of the Board shall be designated to preside over the hearing.**

> **Note:  If Disciplinary Counsel files a petition for temporary suspension, the respondent-attorney will have an opportunity to raise at that time any claim of impropriety pertaining to the request or demand for records.**

* * *